**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-22926-BLOOM/Otazo-Reyes**

OR ZAID,

    Plaintiff,

v.

DIAMONDS INTERNATIONAL
OF FLORIDA, INC., *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court upon Defendants Almod Diamonds Ltd, Inc.'s (Almod") and Diamonds International of Florida, Inc.'s ("DIOF") (collectively, "Defendants") Renewed Motion for Limited Stay of Discovery Pending Resolution of Dispositive Motion, ECF No. [31] ("Motion"), filed on October 7, 2021. Plaintiff Or Zaid ("Plaintiff") filed a Response in Opposition to the Motion, ECF No. [34] ("Response"), to which Defendants filed a Reply, ECF No. [37] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Plaintiff initiated this action on May 21, 2021 in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida entitled *Or Zaid v. Diamonds International of Florida, Inc., et al.*, Case No. 2021-012068-CA-01 ("Circuit Court Action"), which Defendants removed based upon the Court's diversity jurisdiction.[1] On September 2, 2021, Plaintiff filed a Corrected

---

[1] In their Notice of Removal, ECF No. [5], Defendants take the position that DIOF was "fraudulently joined" in this action to defeat the Court's diversity jurisdiction. However, based upon the Court's review of the record, it appears that the parties are, and always have been, completely diverse. *See* ECF Nos. [5]

Amended Complaint, ECF No. [19] ("Amended Complaint"), which asserts the following counts against Defendants and Defendant Itshak Nachmany ("Nachmany"):[2] Intentional Infliction of Emotional Distress Against All Defendants (Count I); Negligent Infliction of Emotional Distress Against All Defendants (Count II); and Negligent Training, Supervision, and Retention Against Defendants (Count III).

On October 4, 2021, Defendants filed a Motion to Dismiss Amended Complaint, or, in the Alternative, for Change of Venue, ECF No. [30] ("Motion to Dismiss"). On October 7, 2021, just three days after filing the Motion to Dismiss, Defendants filed the instant Motion. ECF No. [31]. According to Defendants, a stay is warranted because the Motion to Dismiss, "raises several case-dispositive arguments," including: (1) the Court lacks personal jurisdiction over Almod; (2) Plaintiff's claims are time-barred; and (3) the Amended Complaint fails to allege sufficient facts to state a claim against Defendants. *See* ECF No. [31] at 2; *see generally* ECF No. [30]. Plaintiff's response to the Motion to Dismiss is due on or before November 1, 2021. ECF No. [33].

---

& [19]. Defendants do not dispute that Plaintiff is a citizen of Israel, Almod is a New York corporation with its principal place of business in New York, DIOF is a Florida corporation with its principal place of business in New York, and Nachmany is a citizen of Bahamas. ECF No. [5] at 5-6; *see also First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) ("For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999))); *Mulkey v. Land Am. Title Ass'n, Inc.*, 345 F. App'x 525, 526 (11th Cir. 2009) ("Diversity must be complete: no plaintiff can be a citizen of the same state as any defendant.").

[2] At this time, Nachmany, who is alleged to be a foreign defendant, has not yet been served. *See* ECF No. [19] ¶ 26. On August 18, 2021, Plaintiff filed a Notice of Filing Circuit Court Order Extending Time to Service Defendant Itshak Nachmany, ECF No. [9], in which the Honorable Mark Blumstein ordered that "Plaintiff shall have through and including November 17, 2021 within which to serve [Nachmany]." ECF No. [9-1]. It is apparent that Plaintiff is concerned that without discovery, she will not be able to obtain Nachmany's address from Defendants and serve him within the November 17, 2021 deadline. The Court, however, highlights that the ordinary service deadline set forth in Federal Rule of Civil Procedure 4(m) does not apply to service of process upon parties in a foreign country. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).").

2

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652.

Defendants' arguments in favor of staying discovery rest largely on the notion that their Motion to Dismiss has the potential to dispose of the case in its entirety or, at the very least, narrow the issues in dispute. Overall, Defendants' arguments are grounded in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), and its progeny. In *Chudasama*, the Eleventh Circuit instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [ ] be resolved before discovery begins." *Id.* at 1367; *see also Solar Star Sys., LLC v. Bellsouth Telecomm's, Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay.").

*Chudasama* does not state a general rule that discovery be stayed pending resolution of a motion to dismiss. *See Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be

deferred whenever there is a pending motion to dismiss."); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008) ("[C]ourts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion."). In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012) (*Chudasama* court "confronted a very specific situation involving a threefold problem — unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed"). Unlike the exceptional circumstances presented in *Chudasama*, where the district court did not rule on a motion to dismiss for over a year and a half, the pending Motion to Dismiss is not yet ripe for the Court's consideration.

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman,* 176 F.R.D. at 652-53. "[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone*, 2008 WL 2906719, at *2. Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray*, 2012 WL 5471793, at *1.

Having taken a "preliminary peek" at the pending Motion to Dismiss and related filings, this case does not present the type of an "especially dubious" claim faced by the *Chudasama* Court where disposing of the case by motion to dismiss would avoid "needless and extensive discovery." *See S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *1-2 (S.D. Fla. Jan. 24, 2007) (rejecting stay where defendant raised colorable legal defenses, but plaintiff presented strong rebuttal arguments that could result in its claims surviving a motion to dismiss); *Ray*, 2012 WL 5471793, at *2 (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal"); *Bocciolone*, 2008 WL 2906719, at *2; (rejecting stay where court undertook a "cursory examination of the merits of Defendants' Motion to Dismiss and there [was] sufficient reason to question whether Defendants' Motion will prevail on all claims"); *Montoya*, 2014 WL 2807617, at *2 (rejecting stay where the court's "incomplete and preliminary review suggests that the motions may not be the 'slam-dunk' submissions the Defendants describe them to be"); *Flecha*, 944 F. Supp. 2d at 1203 (rejecting stay where "genuine dispute" presented in parties' papers).

Here, the Court cannot conclude at this juncture that the Motion to Dismiss will be granted and, even if so, whether such dismissal would be of the Amended Complaint in its entirety and with prejudice. Relatedly, the Court does not find that Defendants have carried their burden to demonstrate good cause and reasonableness. Nor is the Court persuaded that Defendants would be so burdened by engaging in discovery before the Motion to Dismiss is resolved.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [31]**, is **DENIED**.

Case No. 21-cv-22926-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 19, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record